**FILED**

**MAR -9 2020**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PATRICK O. CHRISTIAN, )
                                        )
         Plaintiff,         )
                                        )   Civil Action No.: 1:20-cv-00296 (UNA)
v.                                    )
                                        )
UNITED STATES OF AMERICA, )
                                        )
         Defendant.       )

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff has filed a rambling complaint consisting of unconnected anecdotes and incomprehensible allegations. While plaintiff lists a litany of statutes, cases, clauses, acts, and amendments, the actual claims against defendant are unclear. It appears that plaintiff believes there exists a wide-ranging conspiracy among state courts, federal courts, Congress, and others, which has resulted in various unfavorable life events and experiences in the courts. He demands

1

[sic] "monetary relief due to the continuance of the conspiracy, forced indigence, Right Deprivations, Right Abridgments, and continued stress[,] in the amount of $7 Billion of U.S. Currency in damages, [and/or] Plaintiff could opt for the Federal Court to implement Article III of the Constitution in exercising jurisdiction in accordance to Law[,] and Order the Virginia Treasury Department to provide the intangible property records[.]" He further alleges that he has notified several United States Congress members of this conspiracy, and that "[b]oth [Presidents] Obama and Trump were also informed of these experiences."

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: 3/5/20

United States District Judge